**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000450
20-NOV-2014
08:20 AM**

NO. CAAP-12-0000450

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PAUL K. CULLEN aka PAUL KAUKA NAKI, Plaintiff-Appellant,
v.
LAVINIA CURRIER and PUU O HOKU RANCH, LTD., Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
MOLOKA'I DIVISION
(DC-CIVIL NO. 11-1-3105)

MEMORANDUM OPINION
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Paul K. Cullen aka Paul Kauka Naki (Cullen) appeals from the "Judgment Against Plaintiff Paul K. Cullen aka Paul Kauka Naki" (Judgment) entered in favor of Defendants-Appellees Lavinia Currier (Currier) and Puu O Hoku Ranch, Limited (the Ranch) (collectively Appellees) on April 24, 2012, by the District Court of the Second Circuit, Moloka'i Division[1] (district court).

On appeal, Cullen appears to generally challenge the Judgment and various orders by the district court.[2] To the

_____

[1] The Honorable Richard A. Priest, Jr. entered the Judgment appealed from in this matter and presided at the February 14, 2012 hearing. Various other judges presided at hearings in this matter and are identified *infra*.

[2] Cullen's Amended Opening Brief fails to comply with the requirements of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in almost every respect. Failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the judgment of the district court. O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 385-86, 885 P.2d 361, 363-364 (1994). However, it is the policy of appellate courts "to permit litigants to appeal and to have their cases heard on the merits, where possible." Id. at 386, 885 P.2d at 364. Thus, we address Cullen's arguments to the extent that they are discernible.

extent we can discern Cullen's arguments, he contends: (1) the
district court erred in dismissing Cullen's complaints; and
(2) the district court abused its discretion by striking Cullen's
post-dismissal filings, deeming him a vexatious litigant and
prohibiting further filings without court approval, and ordering
Cullen to pay Appellees' attorneys' fees and costs.  In his
arguments, Cullen appears to challenge several of the district
court's findings of fact (FOFs) and conclusions of law (COLs).

For the reasons set forth below, we affirm.

## I.    Background

Cullen's district court action is apparently a response
to the Ranch's filing of a complaint in the Circuit Court of the
Second Circuit (circuit court) (Civil No. 11-1-0124(3)) seeking
to eject five individuals, whom the Ranch claimed to be squatters
and trespassers, from property located in Halawa Valley, Molokaʻi
(Property).[3]  Although Cullen was not named as a defendant, he
filed an answer with the circuit court claiming that he was the
rightful owner of the Property.  Cullen then initiated the
instant action in the district court, apparently alleging that he
is the landlord of the Property entitled to summary possession
and ejectment against Appellees, and also seeking monetary
damages.

## II.   The District Court Properly Dismissed the Complaints

Cullen's original complaint, filed on October 31, 2011,
sought possession of the Property and judgment against Currier
for one trillion dollars.  The district court orally dismissed
Cullen's original complaint at a November 8, 2011 return hearing,
but did not issue a written order until February 28, 2012.[4]
Prior to the February 28, 2012 order, Cullen filed a First
Amended Complaint on December 30, 2011, and a Second Amended

---

[3]   The Honorable Joseph E. Cardoza presided.  On November 28, 2011, the
circuit court issued its Findings of Fact, Conclusions of Law, and Order in
Civil No. 11-1-0124(3), granting the Ranch's Motion for Summary Judgment
against the named defendants and declaring that title to the Property was
vested in the Ranch.

[4]   The Honorable Barclay E. MacDonald presided.

Complaint on January 10, 2012 (collectively amended complaints), adding the Ranch as a defendant. Cullen's amended complaints claim a right to summary possession based on a "Default Judgment" purportedly entered in the circuit court action, a document of Cullen's own creation. The district court orally dismissed the amended complaints at a February 14, 2012 hearing and issued a written order on March 8, 2012.

In the summary possession context, the district court is divested of jurisdiction where a defendant raises a question of title to real property. See Hawaii Revised Statutes (HRS) § 604-5(d) (Supp. 2013) ("The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]"). District Court Rules of Civil Procedure (DCRCP) Rule 12.1 requires that such a defense be asserted by a written answer or motion, accompanied by an affidavit or declaration setting forth "the source, nature and extent of the title claimed by defendant" and "further particulars" sufficient to "fully apprise the court of the nature of defendant's claim." See DCRCP Rule 12.1; Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawaiʻi 32, 35-36, 265 P.3d 1128, 1131-32 (2011).

In their answer to Cullen's amended complaints, Appellees properly raised a defense based on the district court's lack of jurisdiction by attaching a declaration of their counsel and the circuit court's judgment and Findings of Fact, Conclusions of Law, and Order in Civil No. 11-1-0124(3), which determined that the Ranch held title to the Property. As to possession of the Property, Appellees adequately raised the issue of title such that the district court was divested of jurisdiction and was required to dismiss Cullen's claims for possession. See DCRCP Rule 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Moreover, to the extent that Cullen sought damages, the district court correctly determined that alleged damages for one

trillion dollars, as requested by Cullen, are beyond its jurisdictional limits. See HRS § 604-5(a) (Supp. 2013).

In sum, the district court did not err in dismissing this action based on lack of jurisdiction over the claims asserted by Cullen.

## III. The District Court Properly Struck Cullen's Post-Dismissal Filings

After the district court dismissed Cullen's complaints, Cullen filed four documents with the district court which appear to characterize Cullen as the prevailing party and unilaterally enter rulings and/or judgment against Appellees. Cullen's "Default Judgment Declaration" (Default Declaration) and "Order Granting Plaintiff Paul K. Cullen-Naki Default Judgment and Writ of Summary Possession, and Ejectment, and Sanctions against Lavinia Currier, and Puu O Hoku Ranch, Ltd., and Sanctions against their Attorneys Craig Nakamura and Robert Strand and Jacob Matson, et al." (March 5 Order) both appeared to assert that default was entered against Appellees for their failure to appear in court. Cullen's "Order Denying and Striking Defendants' Motion to Strike Plaintiff's Judgment" (March 13 Order) purported to deny Appellees' Motion to Strike and to impose sanctions against Appellees. Cullen's "Judicial Notice to Clerks of Molokai District Court, et al.,: Hearing March 27 is cancelled due to resolution of Motion by Defendants to Strike was Denied and Stricken and Dismissed" (Judicial Notice) purported to advise the district court clerks that a hearing on Appellees' motions was cancelled because the motions had been denied. After a March 27, 2012 hearing,[5] the district court granted Appellees' motions to strike Cullen's four documents and deemed Cullen a vexatious litigant. On April 24, 2012, the district court issued its Findings of Fact, Conclusions of Law, and Order.

Cullen's arguments implicitly challenge the district court's FOF nos. 1 and 9, and COL nos. 1 through 5. "In this jurisdiction, a trial court's FOFs are subject to the clearly

---

[5] The Honorable Eric G. Romanchak presided.

erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed." Chun v. Bd. of Trs. of the Empls' Ret. Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (citations, internal quotation marks, and ellipses omitted). "A COL is not binding upon an appellate court and is freely reviewable for its correctness." Id. (citations and internal quotation marks omitted).

> [The appellate court] ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

Id. (citations, internal quotation marks, and brackets omitted).

As an initial matter, under DCRCP Rule 55(b)(1) and (2), default and default judgment may only be entered by the clerk or the court. Parties are not allowed to unilaterally file an entry of default or default judgment. This basis alone was sufficient for the district court's rejection of Cullen's unauthorized documents.

Throughout his various filings, Cullen insists that Appellees' purported failure to appear in court provides a basis for default judgment in his favor. This argument is baseless. The district court's FOFs and COLs, all of which we conclude are not clearly erroneous, set out why Appellees were not in default.

### FINDINGS OF FACT

> 1. . . . While Ms. Currier's address was listed in the Original Complaint as "c/o Puu O Hoku Ranch", the Ranch was not named as a defendant in the Original Complaint.
>
> . . . .
>
> 9. On February 23, 2012, Plaintiff [Cullen] filed a Default Judgment Declaration of Plaintiff (the "Declaration".) In the Declaration, Plaintiff [Cullen] appears to assert that default should be entered against Ms. Currier and the Ranch for their failure to appear at the return hearing on November 8, 2011 on the Original Complaint. As noted above, the Ranch was not named as a defendant in the Original Complaint and had no obligation to appear. The attorneys for Ms. Currier filed a written

Answer to the Original Complaint and also appeared at the return hearing.

. . . .

### CONCLUSIONS OF LAW

1. Rule 12(a) of the DCRCP provides that defendants shall appear or answer at the time appointed in the summons. The summonses attached to the Original Complaint and the Amended Complaint provide that attendance at the Court hearing can be in person or by the attorney for the party named in the summons.

2. In the case of the Original Complaint, the only named defendant was Ms. Currier. A written Answer to the Original Complaint was filed by Ms. Currier's attorneys on November 4, 2011 and she was also represented by her attorney at the return hearing held on November 8, 2011.

3. In the case of the Amended Complaint, where Plaintiff [Cullen] improperly added the Ranch as a defendant in violation of Rule 15(a) of the DCRCP, a written Answer was filed by the attorneys for Ms. Currier and the Ranch on February 9, 2012 and both Ms. Currier and the Ranch were represented by the attorney at the hearing held on February 14, 2012.

4. The acts which an attorney is authorized to do by virtue of his employment include the taking of "all steps in the regular course of litigation . . . [sic]" *Scott v. Pilipo*, 25 Hawaii 386, 389-390 (1920). The written Answers and appearances filed by the attorneys for Ms. Currier and the Ranch, respectively, constituted the required responses from Ms. Currier and the Ranch. As a result, there is no basis for Plaintiff [Cullen's] claim that either Ms. Currier or the Ranch, respectively, failed to answer and appear as required by the DCRCP and the summonses attached to the Original Complaint and the Amended Complaint.

5. Rule 55(a) of the DCRCP provides that an entry of default may only be entered where a party has failed to plead or otherwise defend as required by the rules. Ms. Currier and the Ranch timely answered the Original Complaint and the Amended Complaint, respectively, and so there is no basis under Rule 55(a) for the entry of default against either of them.

(Footnote omitted.)

The district court also properly struck Cullen's post-dismissal filings based on DCRCP Rule 12(f), which provides that upon timely motion by a party, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In its COL no. 10, the district court determined that "[i]n the case of the Declaration, the March 5 Order, the March 13 Order and the Judicial Notice, these pleadings should be stricken in their

6

entirety because they seek to raise issues that have already been decided by the Court through the dismissals of the Original Complaint and the Amended Complaint."

We conclude that the district court did not abuse its discretion in striking these post-dismissal filings because all were unauthorized, redundant, and immaterial.

## IV. The District Court Properly Deemed Cullen a Vexatious Litigant and Imposed Sanctions on Cullen

The district court also declared Cullen a vexatious litigant, prohibited him from filing further documents absent prior court approval, and imposed sanctions. We review a trial court's determination of whether a person is a vexatious litigant under the abuse of discretion standard. Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003). With regard to the sanctions imposed on Cullen, "[r]egardless of whether sanctions are imposed pursuant to statute, circuit court rule, or the trial court's inherent powers, such awards are reviewed for an abuse of discretion." Kaina v. Gellman, 119 Hawai'i 324, 329, 197 P.3d 776, 781 (App. 2008).

The district court made the following COLs regarding the issue of Cullen as a vexatious litigant:

> 16. Plaintiff [Cullen's] filing of the Declaration, the March 5 Order, the March 13 Order and the Judicial Notice are bad faith attempts by Plaintiff [Cullen] to relitigate the final determinations by Judges MacDonald and Priest in favor of Ms. Currier and the Ranch as evidenced by the dismissals of Plaintiff [Cullen's] Complaint and Amended Complaints, meeting the definition of a "vexatious litigant" under Section 634J-1(2), Hawaii Revised Statutes [(1993)].

> 17. Furthermore, Plaintiff [Cullen's] filing of the Declaration, the March 5 Order, the March 13 Order and the Judicial Notice which seek to characterize Plaintiff [Cullen] as the prevailing party, when in fact Plaintiff [Cullen] is the losing party, are unmeritorious pleadings filed in bad faith meeting the definition of a vexatious litigant under 634J-1(3), Hawaii Revised Statutes.

> 18. As a result, an order declaring Plaintiff [Cullen] to be a vexatious litigant is appropriate.

We conclude that the district court did not abuse its discretion in ruling that Cullen is a vexatious litigant, because the court made specific, substantive findings and properly relied on

evidence establishing that Cullen meets the definition of a "vexatious litigant" in HRS § 634J-1 (1993).[6]

We also agree with the district court's decision to prohibit Cullen from filing further documents pursuant to HRS § 634J-7(a) (1993), which provides that a court "may enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this State on the litigant's own behalf without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed."

In EK v. Boggs, the Hawai'i Supreme Court ruled that "a prefiling order does not violate due process rights because it does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs." 102 Hawai'i at 298, 75 P.3d at 1189 (citation and internal quotation marks omitted). Here, because Cullen had a hearing on the various post-dismissal filings, he had the opportunity to be heard and was therefore not deprived of his due process rights. In its COL

---

[6] HRS § 634J-1 provides in relevant part:

> [§634J-1] Definitions. Unless otherwise clear from the context, as used in this chapter:
>
> . . . .
>
> "Vexatious litigant" means a plaintiff who does any of the following:
>
> . . . .
> (2) After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:
> (A) The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
> (B) The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;
> (3) In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay[.]

no. 20, the district court concluded that a prefiling order against Cullen was warranted given his "complete disregard of the dismissals of his action[.]" Because Cullen filed multiple documents that clearly had no basis in law or fact, and considering his repeated refusal to comply with the court's rulings and procedural rules, a prefiling order was appropriate.

Moreover, the district court did not abuse its discretion in sanctioning Cullen pursuant to DCRCP Rule 11, which provides in relevant part:

> A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. . . . The signature of an attorney or party constitutes a certificate by the signatory that the signatory has read the pleading, motion, or other paper; that to the best of the signatory's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

(Emphasis added). In its COL nos. 12-14, the district court concluded that sanctions against Cullen were appropriate because his post-dismissal filings were made "in bad faith, without merit and as a frivolous tactic in an attempt to improperly undermine the rulings of the Court dismissing Plaintiff [Cullen's] action[,]" had "no basis in fact[,]" and were filed "to harass Ms. Currier and the Ranch resulting in a needless increase in the cost of this litigation."

We agree with the district court's determination that Cullen's post-dismissal filings were in bad faith, without merit, and frivolous, and we are especially concerned that these documents erroneously purported to represent rulings by the district court. Despite the circuit court's clear ruling as to the Ranch's ownership of the subject property and the district court's repeated dismissal of his complaints in this case, Cullen continued to pursue his claim, filing documents purporting to be

9

court orders that were, in fact, contrary to the district court's prior rulings. See Kurkowski v. Volcker, 819 F.2d 201, 204 (8th Cir. 1987) ("We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories.").

There is no doubt that Cullen violated DCRCP Rule 11, which mandates that the district court impose sanctions. The district court ordered Cullen to pay Appellees' attorneys' fees and costs in the amount of $8,049.75. Cullen does not challenge the amount of the sanction award and thus has waived any argument in that regard. HRAP Rule 28(b)(7).

**V.    Conclusion**

Based on the foregoing, the April 24, 2012 "Judgment Against Plaintiff Paul K. Cullen aka Paul Kauka Naki" entered by the District Court of the Second District, Moloka'i Division, is affirmed.

DATED:   Honolulu, Hawai'i, November 20, 2014.

On the briefs:

Paul K. Cullen aka
Paul Kauka Naki
Plaintiff-Appellant pro se

Craig G. Nakamura
Robert E. Strand
Lindsay N. McAneeley
(Carlsmith Ball LLP)
for Defendants-Appellees

Chief Judge

Associate Judge

Associate Judge

10